Parker C. J.
afterward drew up the opinion of the Court. The bill of parcels was not essential to the plaintiff’s recovery. It generally amounts to nothing more than a receipt for the price. The purchase may undoubtedly be proved without it. If however it is wanted by the adverse party, to be, used by him as evidence, it ought to be produced, if it is in the possession of the plaintiff or if it belongs to him, but, like other papers which are not essential to the plaintiff’s case, notice to produce it should be given to him. In this case the original bill of parcels was used on the trial at the Court of Common pleas, but it does not appear by which party. It is undoubt edly on the files of the clerk. It is made the defendant’s duty, on an appeal by him, to bring up the copies ; and if he wants the original of any particular paper, he should procure it from the files, by leave of court, if that is- necessary., It is as much within his, as the other party’s control. There is no ground for a new trial on this point.
With regard to the suit’s having been commenced by the plaintiff while a minor, without the intervention of a prochein ami, it might have been pleaded in abatement.[1] ' The admission of the prochein ami by way of amendment, we think, removes the objection. He is answerable for costs from the beginning, and the judgment will stand correct.

Motion for new trial overruled.

 See Young v. Young, 3 N. Hamp. R. 345; Smithy. Van Houien, 4 Hal sted, 381; Smith v. Minor, Coxe, (N. Jers.) 416.